# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                        **CRIMINAL ACTION NO. 3:14-CR-15**
                                                **(JUDGE GROH)**

**DARRELL S. LOGAN,**

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR APPROPRIATE RELIEF

On August 26, 2014, Defendant Darrell Logan, by counsel, filed a motion requesting this Court provide "a complete instruction of 'reasonable doubt' and the opportunity to address the instruction in closing argument." ECF 130. Defendant requests that this Court provide Defendant's attached proposed jury instruction regarding reasonable doubt rather than the jury instruction generally provided by this Court. The United States did not file a response to Defendant's motion.

It is well-established that in the Fourth Circuit, "although the district court may define reasonable doubt to a jury . . . the district court is not required to do so." United States v. Lighty, 616 F.3d 321, 380 (4th Cir. 2010) (quoting United States v. Walton, 207 F.3d 694, 696-97 (4th Cir. 2000) (en banc)); see also United States v. Williams, 152 F.3d 294, 298 (4th Cir. 1998) ("The trial court is not required to define reasonable doubt as a matter of course so long as the jury is instructed that a defendant's guilt must be proven beyond a reasonable doubt."). Indeed, "even if the jury requests a reasonable-

doubt instruction, 'the final decision of whether to acquiesce to a jury's request and define reasonable doubt' is left to the district court's discretion." Id. The Fourth Circuit is reluctant to require a jury instruction defining reasonable doubt because "attempting to explain the words 'beyond a reasonable doubt' is more dangerous than leaving a jury to wrestle with only the words themselves.'" Id.

> This Court's jury instruction regarding reasonable doubt provides
>
> The defendant is not on trial for any acts or crimes not alleged in the Indictment. Your job is limited to deciding whether the Government has proven the crime charged beyond a reasonable doubt.
>
> A reasonable doubt means in law just what the words imply, a doubt based upon reason and common sense. The meaning of reasonable doubt is self-evident. Therefore, the Court will not attempt to further define the term.
>
> It is not required that the Government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

This Court is not required to explain the words reasonable doubt any more than what is provided in the Court's current instruction. Indeed, "[t]here is no constitutional requirement to define reasonable doubt to a jury." Walton, 207 F.3d at 696; see also Victor v. Nebraska, 511 U.S. 1, 5 (1994) (stating that "the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course"). Defendant relies on the dissent in United States v. Walton for his proposed jury instruction regarding reasonable doubt. However, it would be inappropriate for this Court to rely on the dissent in this case as the majority opinion is controlling precedent.

Accordingly, the Defendant's motion is **DENIED**.

The Clerk is directed to transmit copies of this Order to all counsel of record

and/or *pro se* parties.

    **DATED:** September 17, 2014

                                                GINA M. GROH
                                              UNITED STATES DISTRICT JUDGE