**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                           **CRIMINAL ACTION NO.: 3:14-CR-15-02
(JUDGE GROH)**

**DARRELL SHERWOOD LOGAN,**

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT LOGAN'S MOTION
TO DISMISS THE CONSPIRACY ALLEGATION IN THE INDICTMENT**

This matter is now before the Court for consideration of Defendant Darrell Sherwood Logan's "Motion *in limine* and Motion to Dismiss the Conspiracy Allegation." ECF 148. Defendant Logan filed his motion on September 11, 2014. On September 16, 2014, the United States filed its response in opposition to Defendant's motion. For the reasons that follow, the Defendant's motion is **DENIED**.

**I. Background**

On March 18, 2014, a grand jury sitting in Martinsburg returned an eleven-count Indictment. Defendant Logan was charged in Count One and Count Two of the Indictment, along with several co-defendants. Count Two charges Defendant with aiding and abetting co-defendants Darius Hogan and Tyrone Fleming in the distribution of cocaine base, also known as "crack," in exchange for $90.00.

Count One, the drug conspiracy, charges that:

From on or about July 17, 2012, to on or about February 7, 2013, at or near Berkeley County, West Virginia within the Northern District of West

Virginia, and elsewhere, defendants **DARIUS NOLAN HOGAN, DARRELL SHERWOOD LOGAN, TYRONE LAMONT FLEMING, GREGORY LOUIS THORNTON, ALVIN DASHAWN GILBERT, and KATLYN MARIE TUCKER** did knowingly and intentionally combine, conspire, confederate, and agree together and with each other, and with persons known and unknown to the Grand Jury, to commit an offense against the United States, to wit: to violate Title 21, United States Code Section 841(a)(1). It was a purpose and object of the conspiracy to knowingly and intentionally possess with intent to distribute and to distribute a quantity of cocaine base, also known as "crack," a Schedule II narcotic drug-controlled substance as defined in Title 21, United States Code, Section 812(c), Schedule II (a)(4); in violation of Title 21, United States Code, Sections 841(b)(1)(C) and 846.

ECF 1.

Defendant requests that Count One of the Indictment, the conspiracy allegation, be dismissed as to this Defendant and that evidence attributed to the alleged conspiracy be deemed inadmissible as proof of this Defendant's membership or participation in a criminal conspiracy.

## II. Legal Standard

An indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "One of the principal purposes of an indictment is to apprise the accused of the charge or charges leveled against him so he can prepare his defense." United States v. Fogel, 901 F.2d 23, 25 (4th Cir. 1990). The Fourth Circuit Court of Appeals has stated that "[t]o pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense." United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998) (citing United States v. Sutton, 961 F.2d

476, 479 (4th Cir. 1992)).

An indictment is generally sufficient if it tracks the words of the statute itself and includes "a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." Hamling v. United States, 418 U.S. 87, 117-18 (1974) (quoting United States v. Hess, 124 U.S. 483, 487 (1888)). In analyzing the sufficiency of an indictment, a court will look "at the contents of the subject indictment, 'on a practical basis and in [its] entirety, rather than in a hypertechnical manner.'" United States v. McLeczynsky, 296 F.3d 634, 636 (7th Cir. 2002) (quoting United States v. Smith, 230 F.3d 300, 305 (7th Cir. 2000)). In resolving a motion to dismiss the indictment based on failure to state an offense, the Court views the allegations of the indictment as true. United States v. Sampson, 371 U.S. 75, 76 (1962).

### III. Discussion

In this case, the Indictment not only tracks the language of the charging statute, but it also provides a statement of the facts and circumstances that informs Defendant Logan of the specific offense. The Indictment provides, in relation to the "conspiracy" charge, that from on or about July 17, 2012 to on or about February 7, 2013, in the Northern District of West Virginia, Defendant Logan and his co-defendants" did knowingly and intentionally combine, conspire, confederate, and agree together and with each other, and with persons known and unknown to the Grand Jury, to commit an offense against the United States." The Indictment also charges that the "purpose and object of the conspiracy" was to "knowingly and intentionally possess with intent to distribute and to distribute a quantity of cocaine base, also known as "crack," a

3

Schedule II narcotic drug-controlled substance." This language in the Indictment follows the charging statute as well as provides a statement of the facts and circumstances informing Defendant of the specific offense. Indeed, 21 U.S.C. § 841(a)(1) provides that it "shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance." Accordingly, the Indictment sufficiently charges an offense.

Defendant also challenges that the grand jury had insufficient evidence to essentially charge Defendant in Count 1 of the Indictment. The United States Supreme Court has stated that "An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." Costello v. United States, 250 U.S. 359, 363 (1956). Therefore, a court will not quash an indictment if a defendant simply challenges it on the ground that "there was inadequate or incompetent evidence before the grand jury." Id. Indeed, this would result in a preliminary trial on the merits "to determine the competency and adequacy of the evidence before the grand jury." Id. The Fourth Circuit Court of Appeals has routinely denied motions to dismiss an indictment based on an argument that the grand jury had insufficient evidence. See United States v. Alexander, 789 F.2d 1046, 1048-49 (4th Cir. 1986) (holding per the majority in Costello that "a facially valid indictment suffices to permit the trial of the party indicted"); United States v. Mills, 995 F.2d 480, 487 (4th Cir. 1993) (noting that "the Supreme Court's holdings under the Fifth Amendment's Indictment clause teach that courts lack authority to review either the competency or sufficiency of evidence which

4

forms the basis of an indictment"). Therefore, this Court finds that the Indictment in this matter was returned by a legally constituted and unbiased grand jury and that the Indictment is valid on its face. Accordingly, in light of precedent of the United States Supreme Court and the Fourth Circuit Court of Appeals, the Court **DENIES** Defendant Logan's motion.

## IV. Conclusion

Accordingly, the Court finds that Defendant's "Motion *in limine* and Motion to Dismiss the Conspiracy Allegation" is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: September 17, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE